**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

No. 1:26-cv-01692

**Adebisi,**
*Petitioner,*

v.

**Vergara, et al.,**
*Respondents.*

## ORDER

Sheriffdeen Adekunle Adebisi is a native and citizen of Nigeria currently being detained by Respondents pursuant to 8 U.S.C. § 1231(a)(6). He filed a petition for a writ of habeas corpus demanding immediate release or an individualized bond hearing and an injunction against transfer outside the Western District while his petition is pending. Because his detention is lawful, his petition and request for an injunction are denied.

## BACKGROUND

Petitioner was admitted into the United States approximately nine years ago in or about Spring 2017 in Miami, Florida as a B2 visitor. Petitioner overstayed this visa. On October 27, 2019, Petitioner was arrested and charged with assault. The case was subsequently dismissed. On October 28, 2019, Petitioner was issued a notice to appear and placed in removal proceedings. On January 3, 2024, an immigration judge ordered Petitioner removed from the United States. Petitioner filed a motion to reopen his removal proceedings. On February 5, 2024, the immigration judge denied Petitioner's motion

to reopen. Petitioner timely appealed the denial of the Motion to reopen. Petitioner's appeal was denied on July 16, 2026.

On or about September 15, 2025, Petitioner was taken into federal immigration custody. Petitioner is currently detained at the T. Don Hutto Detention Center in Taylor, Texas. On June 8, 2026, Petitioner sought a custody redetermination before the immigration court. On June 9, 2026, the immigration judge determined that the immigration court lacked jurisdiction to conduct a bond hearing.

On June 23, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing and an injunction prohibiting his transfer from the Western District while his petition is pending. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has

channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## Analysis

Petitioner asserts that his detention is unlawful because it violates due process and internal agency procedures, is unlawfully prolonged, and violates the Suspension Clause. His arguments, however, fail.

The length of Petitioner's detention does not violate 8 U.S.C. § 1231. That section generally requires an alien with a final order of removal to be removed within a period of 90 days after he is ordered removed. 8 U.S.C. § 1231(a)(1)(A). This is known as the "removal period." *Id.* The parties agree that Petitioner's removal order was final on January 3, 2024, meaning his removal period has long expired. However, Respondents assert that Petitioner is being held pursuant to 8 U.S.C. § 1231(a)(6), permitting his detention beyond the 90-day removal period.

Petitioner is subject to discretionary detention beyond the 90-day removal period under section 1231(a)(6). Section 1231(a)(6) allows certain aliens to be detained beyond the removal period. *Id.* at § 1231(a)(6). This includes aliens who were admitted as nonimmigrants and who failed to maintain that nonimmigrant status or failed to comply with the conditions of that status. *Id.*; 8 U.S.C. § 1227(a)(1)(C). Petitioner was

admitted to the United States as a B2 visitor. B2 visas are nonimmigrant visas. 22 C.F.R. § 41.12. Petitioner failed to comply with the requirements of his B2 visa status by overstaying. Petitioner therefore failed to comply with the requirements of his nonimmigrant visa and is subject to discretionary detention beyond the removal period pursuant to 8 U.S.C. § 1231(a)(6).

The length of Petitioner's detention does not violate the Due Process Clause. In *Zadvydas v. Davis*, the Supreme Court recognized that six months of post-removal-order detention is presumptively reasonable. 33 U.S. at 701. "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* But after the six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner has not shown good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. Petitioner initially argued his removal was not reasonably foreseeable because his appeal was still pending with the BIA. ECF No. 1 ("Pet.") at pp. 8, 10–11. But Petitioner's appeal was denied on July 16, 2026. So Petitioner instead asserts that his removal is not reasonably foreseeable because ICE has not identified a pending travel document request, consular review, scheduled itinerary, or anticipated issuance date. ECF No. 9 ("Reply") at p. 2. This is not good reason to believe there is no significant likelihood of removal in the foreseeable future. *See Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) (finding conclusory allegations

suggesting an alien will not be immediately removed following the resolution of his appeals insufficient to fulfill the alien's initial burden of showing no likelihood of removal exists). If anything, there was good reason to not have already requested Petitioner's travel documents and set up an itinerary—his pending BIA appeal. *See Roach v. Holder*, 344 F. App'x 945, 947 (5th Cir. 2009) (per curiam) ("the magistrate judge did not err in finding that Roach's repeated filings with the BIA constituted acts to prevent his removal, thus extending his removal period under 8 U.S.C. § 1231(a)(1)(C)).

And unlike in *Zadvydas*, there is no evidence the Government cannot find a country willing to accept Petitioner. *See* 533 U.S. at 684–85, 699–701. To the contrary, Respondents filed a sworn statement asserting that "there is a likelihood of removal from the United States to a Nigeria." ECF No. 8-1 ("Response Ex. A") at p. 3. And since Petitioner's appeal has been resolved, Respondents state they "now will work on obtaining travel documents[.]" Resp. at p. 4.

Petitioner is also not entitled to a bond hearing. Section 1231(a)(6) does *not* require "the Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). Petitioner also does not have "a deeply rooted right to be released into the United States during [] deportation or removal proceedings." *Cazares Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240, at *3 (W.D. Tex. June 8, 2026) (citing *Demore*, 538 U.S. at 531). Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid

aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statute nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either. For the reasons set forth *supra* and Parts II, III, and IV of this Court's decision in *Cazares Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240 (W.D. Tex. June 8, 2026), the Court denies the petition.[1]

Petitioner is also not entitled to an injunction from transfer outside the district. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a TRO restraining the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). Petitioner's request for an injunction is denied.

---

[1] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.), *vacated on reh'g en banc*, 181 F.4th 608 (5th Cir. 2026), was vacated and rehearing en banc was granted on July 10, 2026, *see Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (en banc) (mem) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs, Miss.*, 763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning. For the reasons set forth in *Esquivel v. Mullin*, No. 1:26-cv-02000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026), the subsequent stay, *Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. July 21, 2026) (en banc) (mem) (per curiam), does not preclude this Court from adjudicating or entering final judgment in this case.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on August 24, 2026.*

ANDREW DAVIS
United States District Judge